IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-2453-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK, N.A. trustee, Merrill Lynch / First Franklin Mortgage Loan Trust trustee,
Mortgage Loan Asset Backed Certificates, Series 2007 FF1,
SELECTED PORTFOLIO SERVICING INC.,
BANK OF AMERICA N.A., and
JOHN DOES 1-100,

    Defendants.

**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

*Pro se* Plaintiff Lisa Kay Brumfiel ("Plaintiff") brings this action for quiet title and slander of title against Defendants U.S. Bank, N.A., Selected Portfolio Servicing Inc., and Bank of America N.A.  (Compl. (ECF No. 1).)  This matter is before the Court on Plaintiff's "*Ex Parte* Application for Temporary Restraining Order and Request for Order to Show Cause Why a Preliminary Injunction Should Not Be Issued Prohibiting Defendant from Selling Real Property Pending Trial" ("Motion").  (ECF No. 3.)

Plaintiff's request for a temporary restraining order is governed by Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant

>before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff seeks a temporary restraining order and a preliminary injunction enjoining the sale of the property that is the subject of the instant case. (ECF No. 3.) Plaintiff states that she will suffer irreparable injury if the sale proceeds as scheduled on September 4, 2014 at 10:00 a.m. (*Id.* at 1.) However, Plaintiff did not file her Motion until September 3, 2014 at 5:05 p.m., and the scheduled sale passed before the Court was able to review and rule on Plaintiff's Motion. (*Id.*; *see also* ECF No. 8 (noting that the foreclosure sale was completed as scheduled).)

As the sale has already occurred, the Court cannot now enjoin such sale. *See Thournir v. Buchanan*, 710 F.2d 1461, 1463 n.2 (10th Cir. 1983) ("If the event sought to be enjoined has occurred, the applicant has already suffered the harm that she sought to forestall. At that point, an injunction cannot provide a remedy."). Therefore, no immediate injury is pending, the requested remedy is unavailable, and Plaintiff's Motion is moot.

In accordance with the foregoing, the Court ORDERS that Plaintiff's "*Ex Parte* Application for Temporary Restraining Order and Request for Order to Show Cause Why a Preliminary Injunction Should Not Be Issued Prohibiting Defendant from Selling Real Property Pending Trial" (ECF No. 3) is DENIED AS MOOT.

Dated this 8th day of September, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge