IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-2453-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK, N.A. trustee, Merrill Lynch / First Franklin Mortgage Loan Trust trustee, Mortgage Loan Asset Backed Certificates, Series 2007 FF1,
SELECTED PORTFOLIO SERVICING INC.,
BANK OF AMERICA N.A., and
JOHN DOES 1-100,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION OF STATE COURT UNLAWFUL DETAINER PROCEEDINGS

*Pro se* Plaintiff Lisa Kay Brumfiel ("Plaintiff") brings this action for quiet title and slander of title against Defendants U.S. Bank, N.A., Selected Portfolio Servicing Inc., and Bank of America N.A. (Compl. (ECF No. 1).) This matter is before the Court on "Plaintiff's *Ex Parte* Emergency Motion to Stay Proceedings in This Court and Injunction of Proceedings in the State Unlawful Detainer Proceedings" ("Motion"). (ECF No. 21.) Pursuant to Federal Rule of Civil Procedure 72(a), the Court has referred to U.S. Magistrate Judge Michael E. Hegarty the portion of the Motion that requests a stay. (ECF No. 23.) The Court will discuss below the portion of the Motion that requests an injunction.

As a general matter, federal courts should not "stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41

(1971); 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Here, Plaintiff argues that the unlawful detainer action filed against her on October 8, 2014 in Arapahoe County Court, Colorado, Civil Action No. 2014C4 7200 ("Detainer Action"), should be enjoined because the prior exclusive jurisdiction doctrine requires this Court to exercise jurisdiction over the property at issue to the exclusion of the state court. (ECF No. 21 at 3-4.)

The prior exclusive jurisdiction doctrine holds that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). Plaintiff cites a case from the Ninth Circuit Court of Appeals holding that the doctrine is "a mandatory jurisdictional limitation" rather than a "discretionary abstention rule". (ECF No. 21 at 3 (quoting *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011)).) However, Plaintiff cites no authority to that effect that is binding on this Court. Rather, the Court reads the leading Supreme Court case, *Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189 (1935), as establishing a discretionary rule under which "the court first assuming jurisdiction over the property *may* maintain and exercise that jurisdiction to the exclusion of the other." 294 U.S. at 195 (emphasis added). Thus, while "the jurisdiction of one court must of necessity yield to that of the other" such that both courts may not exercise *in rem* jurisdiction simultaneously, *Schnader* does not mandate that the first court to assert jurisdiction

exclude the second court pursuant to the prior exclusive jurisdiction doctrine. *Id.*

Plaintiff also fails to support her assertion that this Court was the first to assert jurisdiction over the subject property, as *Schnader* establishes that the order of filing of the complaint is not necessarily the decisive factor. *See Schnader*, 294 U.S. at 196 (holding that two complaints filed one month apart were "nearly simultaneous", and that in such a case, the first filed complaint may indicate the first court to assert jurisdiction only "when the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent"). Here, the Detainer Action was filed 35 days after the instant case, and the Court finds that such filings are "nearly simultaneous" under *Schnader*. Plaintiff makes no argument with respect to whether the courts' jurisdiction is concurrent or whether the two suits have substantially the same purpose.

Furthermore, Plaintiff has failed to establish that the doctrine even applies to the Detainer Action at issue. In *Chapman*, on which Plaintiff relies, the Ninth Circuit certified to the Nevada Supreme Court the question of whether an unlawful detainer action was an *in rem* or *quasi in rem* proceeding that would permit the application of the prior exclusive jurisdiction rule. *Chapman*, 651 F.3d at 1048. However, Plaintiff's Motion contains no citation to either federal or Colorado authority indicating whether the Detainer Action here should be construed as *in personam*, *in rem*, or *quasi in rem*, nor does Plaintiff provide any argument as to that question. Instead, the Motion cites a Colorado case regarding the "priority rule", which is distinct from the prior exclusive jurisdiction doctrine, as it expressly "connotes not 'exclusive' jurisdiction, but rather a priority of jurisdiction as between two court proceedings." *Town of Minturn v. Sensible*

*Hous. Co.*, 273 P.3d 1154, 1156 n.2 (Colo. 2012) (citing *Martin v. Dist. Court*, 375 P.2d 105, 106 (Colo. 1962)).  This case provides no support for Plaintiff's argument.

In sum, Plaintiff's Motion neither establishes that the prior exclusive jurisdiction doctrine should apply here, nor does it persuade the Court that the application of such doctrine mandates an injunction of the Detainer Action under the requisite "special circumstances".  *See Younger*, 401 U.S. at 41.

In accordance with the foregoing, the Court ORDERS that the request for injunction contained within "Plaintiff's *Ex Parte* Emergency Motion to Stay Proceedings in This Court and Injunction of Proceedings in the State Unlawful Detainer Proceedings" (ECF No. 21) is DENIED.

Dated this 20th day of October, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge