IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02453-WJM-MEH

LISA KAY BRUMFIEL,

     Plaintiff,

v.

U.S. BANK, N.A. trustee, for Merrill Lynch/ First Franklin Mortgage Loan Trust,
Mortgage Loan Asset Backed Certificates, Series 2007 FF1,
SELECTED PORTFOLIO SERVICING INC.,
BANK OF AMERICA, N.A., and
JOHN DOES 1-100,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is a Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) & 12(b)(6) [filed September 12, 2014; docket #10] filed by Defendant U.S. Bank, N.A., as Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 (the "Trust") and Defendant Select Portfolio Servicing, Inc., and joined by Defendant Bank of America, N.A. (docket #17).  The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion.  Based upon the record herein and for the reasons that follow, the Court RECOMMENDS that Defendant's motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider

## BACKGROUND

On September 3, 2014, Plaintiff, Lisa Kay Brumfiel, brought this action to quiet title on the real property located at 1499 S. Jasper Street in Aurora, Colorado ("the property").  (Docket #1.) This is not the first time the property has been the subject of litigation.  In October 2011, U.S. Bank commenced a non-judicial foreclosure action against the property pursuant to Colorado Rule of Civil Procedure 120 because Plaintiff had failed to pay the amounts due on her mortgage loan.  *Brumfiel v. U.S. Bank*, 12-cv-02716-WJM, 2013 WL 5495543 *1 (D.Colo. Oct. 2, 2013).  On October 12, 2012, Plaintiff initiated a federal action challenging the Rule 120 foreclosure process.  *Id*.  In May 2013, U.S. Bank withdrew the Rule 120 proceeding and commenced judicial foreclosure under Colorado Rule of Civil Procedure 105.  *Id*. at *2.  On October 2, 2013, the District Court subsequently dismissed Plaintiff's federal action without prejudice due to lack of jurisdiction.  *Id*. Plaintiff has appealed the final judgment in that case to the Tenth Circuit.

On February 28, 2014, the Arapahoe County District Court awarded the Trust with a decree of foreclosure and entered an order of foreclosure sale on the property.  (Docket #10-4.)  Plaintiff's appeal of the foreclosure judgment is pending before the Colorado Court of Appeals.  The foreclosure sale occurred in September 2014 and, when Brumfiel did not vacate the property, the Trust filed an unlawful detainer action in Arapahoe County Court on October 8, 2014.  (Docket #24-4.)

Here, Plaintiff's complaint seeks to quiet title in her favor based on allegations of fraud

---

frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

committed by the Trust; that is, she seeks an order declaring that she is the only party with an interest in the property. On September 12, 2014, the Trust filed this Motion to Dismiss on grounds that the Court lacks jurisdiction pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) or, alternatively, the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). If the case is not dismissed on jurisdictional grounds, the Trust argues Plaintiff's claims are barred by the compulsory counterclaim rule. The matter is fully briefed. The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARD

### I.    Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

"The nature and specificity of the allegations required to state a plausible claim will vary based on

context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while

the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a

complaint, the elements of each alleged cause of action may help to determine whether the plaintiff

has set forth a plausible claim. *Khalik,* 671 F.3d at 1191 .

### III.   Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less

stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see*

*also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts,

nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded")

(quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the

court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court

lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

## I.   *Younger* Abstention Doctrine

The *Younger* abstention doctrine dictates that "federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). *Younger* abstention requires that federal courts abstain from exercising jurisdiction when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'

*Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

When determining whether abstention is proper under the *Younger* framework, a court must "be sensitive to the competing tension between protecting federal jurisdiction and honoring principles of Our Federalism and comity." *Taylor*, 126 F.3d at 1296. However, "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah*, 187 F.3d at 1163. "Extraordinary circumstances" include situations "where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action," or "where the state law or regulation to be applied 'is flagrantly and patently violative of express constitutional prohibitions.'" *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 n. 4 (10th Cir. 2009) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 442 n.7 (1977)) (citations and quotations omitted).

In this case, all three conditions necessary to trigger *Younger* abstention have been established.  First, a judicial foreclosure proceeding on the property at issue in this case is pending before the Colorado Court of Appeals.  Second, the state court provides an adequate forum to address Plaintiff's common law claims and to resolve real property disputes.  Third, judicial foreclosure proceedings are clearly matters of state concern.  *See Edward v. Dubrish*, No. 07-cv-02116-REB-KMT, 2009 WL 1683989, at *11 (D. Colo. 2009) (noting that foreclosure proceedings "are matters governed by state law and are traditionally resolved in state courts").  Plaintiff does not contest that these elements have been met, nor does she attempt to show that "extraordinary circumstances" could prevent application of the *Younger* abstention doctrine.  Plaintiff argues only that the *Younger* abstention doctrine does not apply because there is diversity jurisdiction in this case.  However, whether there is diversity jurisdiction is irrelevant to this Court's application of the *Younger* abstention doctrine.

 Accordingly, the Court recommends that the District Court conclude it must abstain from hearing this matter pursuant to the doctrine set forth in *Younger*.

## II.   *Colorado River* Doctrine

Should the District Court disagree that abstention is required pursuant to *Younger*, this Court recommends that the case be dismissed or stayed pursuant to the *Colorado River* doctrine.  This Court recently addressed the *Colorado River* doctrine in a factually similar case, and I adopt the legal standards as outlined in that recommendation, as well as the legal analysis, where applicable.  *See MacIntyre v. JP Morgan Chase Bank*, 12-cv-2586-WJM-MEH, 2014 WL 3766229 *12 (D. Colo. July 31, 2014) (adopting recommendation).

Unlike *Younger*'s requirement to abstain under certain conditions, abstention pursuant to *Colorado River* is discretionary.  Generally, "the pendency of an action in the state court is no bar

to proceedings concerning the same matter in the federal court having jurisdiction." *Colorado River*, 424 U.S. at 817.   However, based upon principles resting on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a federal court may dismiss an action proceeding concurrently with a state court action.  *Id.* (citation and internal quotations omitted).  The Supreme Court instructs,

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling [sic] against that exercise is required. Only the clearest of justifications will warrant dismissal.

*Id.* at 818-19.  Accordingly, the scope of the doctrine is "considerably more limited" than that of other abstention doctrines.  *Id.* at 818; *see also Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) ("[a]lthough not a true form of abstention, the doctrine is often treated as a variety of abstention and is governed by the general principle that abstention from the exercise of federal jurisdiction is the exception, not the rule.") (citations and internal quotations omitted).

Additionally, in certain "exceptional circumstances," *Colorado River*, 424 U.S. at 813, a federal court may stay a case in deference to parallel state proceedings.  "An order granting a *Colorado River* stay ... 'necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case' because a district court may enter such an order only if it has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13 (1983)).

Thus, the Tenth Circuit has held that a district court determining the application of the

doctrine must first determine whether the state and federal proceedings are parallel. *Fox*, 16 F.3d at 1082. If they are not parallel, this Court must exercise its jurisdiction. *See Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995). If the proceedings are parallel, the Court must next determine whether "exceptional circumstances" suffice to defer to the state proceedings. *Id.*

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *Fox*, 16 F.3d at 1081). In making this determination, a court must assess the state proceedings "as they actually exist," not as they hypothetically "could have been brought." *Fox*, 16 F.3d at 1081. The exact identity of parties and issues is not required. *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002). Rather, the proceedings are sufficiently parallel if "substantially the same parties litigate substantially the same issues." *Id.*

In this action, Plaintiff seeks to quiet title to property that is the subject of a state judicial foreclosure proceeding. Plaintiff's present complaint alleges various facts supporting her interest in the property. The cases are parallel because they involve the Trust and the Plaintiff's competing interests in the same property. Nonetheless, the Court must analyze whether the circumstances of this case favor deference to the state proceeding. As set forth above, the Supreme Court in *Colorado River* identified several nonexclusive factors to consider in evaluating whether to defer, including 1) whether the state or federal court has assumed jurisdiction over property in dispute, 2) the inconvenience to the parties of the federal forum, 3) avoiding piecemeal litigation, and 4) the order in which the courts obtained jurisdiction. *Colorado River*, 424 U.S. at 818.

Here, all of the factors weigh in favor of deference to the state court. With regard to the first and fourth factors, the state assumed jurisdiction over the property when the Trust initiated a judicial foreclosure action over a year ago in Arapahoe County District Court. The second factor likewise

weighs in favor of deference. While Plaintiff may certainly bring her state law slander and quiet title claims in state court, it is not certain that Defendants may bring a judicial foreclosure action in federal court. "In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992); *see also United States v. Bussell*, 504 F.3d 956, 968 (9th Cir. 2007) (observing that "[t]rust deeds are generally creatures of state law"). Consequently, "foreclosure proceedings are generally handled by state courts, not federal courts, and the propriety of determining whether a foreclosure is appropriate is a matter of state law, not federal law." *Sobh v. Bank of Am., N.A.*, No. 11-11295, 2011 WL 2792449, at *1 (E. D. Mich. 2011); *see also Debiasse v. Chevy Chase Bank Corp.*, 144 F. App'x 245, 247 (3d Cir. 2005) ("Foreclosure is a contractual matter, governed by state law."). With these legal precepts in mind, the Court concludes that the second factor weighs in favor of deference.

The third factor also weighs in favor of deference to the state court. Although state and federal courts may adjudicate concurrent litigation on the same or similar issues, in this case, any order regarding title to the subject property might interfere with a state court order regarding the same property. Additionally, it is typically inefficient and wasteful for two courts to adjudicate primarily the same matters. Therefore, a consideration of all *Colorado River* factors demonstrates they weigh substantially in favor of deference to the state court.

Accordingly, should the District Court disagree that abstention is required pursuant to the *Younger* doctrine, this Court recommends that the District Court dismiss or stay the case in deference to the state court proceedings.[2]

## III.   Compulsory Counterclaim

---

[2] "The Supreme Court has declined to address whether deference to state court proceedings under the *Colorado River* doctrine should result in a stay or a dismissal of the federal action." *Fox,* 16 F.3d at 1082 (10th Cir. 1994).

Because this Court has determined that it should not assert jurisdiction over the Plaintiff's claims for quiet title and slander of title, the Court need not proceed with an analysis of the Trust's arguments for dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

This case initiated in state court and involves ongoing proceedings in state court concerning matters that involve important state interests, matters which traditionally look to state law for their resolution; therefore, the Court recommends that the District Court abstain from hearing Plaintiff's claims pursuant to the *Younger* doctrine.  Alternatively, the Court finds that deference to the state court is proper pursuant to *Colorado River*, and recommends that the District Court dismiss or stay the action in deference to the state court proceedings.

Accordingly, based upon the foregoing and the entire record herein, this Court respectfully RECOMMENDS that the Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) & 12(b)(6) [filed September 12, 2014; docket #10] be **GRANTED**.

Entered and dated at Denver, Colorado, this 28th day of October, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge