**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2453-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK, N.A. trustee, Merrill Lynch / First Franklin Mortgage Loan Trust trustee,
Mortgage Loan Asset Backed Certificates, Series 2007 FF1,
SELECTED PORTFOLIO SERVICING INC.,
BANK OF AMERICA N.A., and
JOHN DOES 1-100,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REMOVE AND CONSOLIDATE
STATE COURT UNLAWFUL DETAINER PROCEEDING**

*Pro se* Plaintiff Lisa Kay Brumfiel ("Plaintiff") brings this action for quiet title and slander of title against Defendants U.S. Bank, N.A., Selected Portfolio Servicing Inc., and Bank of America N.A. (ECF No. 1.) This matter is before the Court on "Plaintiff's Second Motion to Accept and Consolidate Under Rule 42" ("Motion"), which asks the Court to accept a Notice of Removal of an unlawful detainer proceeding in state court in which Plaintiff is a defendant, and to consolidate that action with the instant case. (ECF No. 46.)

Plaintiff has twice previously attempted to remove to this Court the unlawful detainer action filed against her on October 8, 2014 in Arapahoe County Court, Colorado, Civil Action No. 2014C4 7200 ("Detainer Action"). (ECF Nos. 31 & 40.) However, as discussed in an order by U.S. Magistrate Judge Michael E. Hegarty,

neither filing was a proper Notice of Removal.  (ECF Nos. 44 & 45.)  In the instant Motion, Plaintiff again moves the Court to accept the Detainer Action and consolidate it with the instant case.  (ECF No. 46.)  However, except for the addition of new exhibits, Plaintiff's Motion is virtually identical to her previous filings and once again fails to constitute a proper "Notice of Removal".  (ECF Nos. 46-1, 46-2, 46-3.)

Nevertheless, in the interests of preserving judicial economy and liberally construing Plaintiff's filings, the Court has considered the merits of Plaintiff's attempt to remove the Detainer Action and finds that removal is inappropriate here.  Plaintiff's Motion asserts that the Detainer Action may be removed based on diversity of the parties.  (ECF No. 46 at 1-3.)  Plaintiff cites 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 (removal of civil actions), and 1446 (procedures for removal), and raises no other basis for federal jurisdiction.  (*Id.* at 2-3.)  However, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**"  28 U.S.C. § 1441(b)(2) (emphasis added).  Plaintiff admits that she is a citizen of Colorado, where the Detainer Action is currently pending, and is a defendant in that action.  (ECF No. 46 at 2.)  Plaintiff does not contend that she was improperly joined or served in the Detainer Action.  As Plaintiff has asserted no other basis for jurisdiction, the Court finds that, pursuant to § 1441(b)(2), the Detainer Action *may not be removed*.

Because the Detainer Action has not been removed, Rule 42 does not permit the Court to consolidate it with the instant action.  The Detainer Action remains in state

court, and thus is not an action before this Court that may be consolidated. Fed. R. Civ. P. 42(a)(2) (permitting consolidation where "actions **before the court** involve a common question of law or fact" (emphasis added)); *see also Aparicio v. Wells Fargo Bank, N.A.*, 2011 WL 5325578, at *7 (D. Utah Oct. 17, 2011) (denying consolidation of state action with federal action).

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Second Motion to Accept and Consolidate (ECF No. 46) is DENIED;

2. Plaintiff is ORDERED not to file any further Notices of Removal of the Detainer Action, at penalty of sanctions that may include, but are not limited to, an award of attorneys' fees and costs against her and in favor of Defendants;

3. Defendant U.S. Bank, N.A.'s "Motion for Forthwith Remand of Unlawful Detainer Action and Request for an Award of Fees and Costs Against Brumfiel" (ECF No. 48) is DENIED AS MOOT insofar as it seeks a remand of the Detainer Action, as such action is not before this Court. With respect to the portion of that motion that seeks fees and costs, U.S. Bank is DIRECTED to file any Reply in support of the motion on or before November 26, 2014.

Dated this 14th day of November, 2014.

BY THE COURT:

William J. Martinez
United States District Judge