**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-2453-WJM

LISA KAY BRUMFIEL,

Plaintiff,

v.

U.S. BANK, N.A. trustee, Merrill Lynch / First Franklin Mortgage Loan Trust trustee,
Mortgage Loan Asset Backed Certificates, Series 2007 FF1,
SELECTED PORTFOLIO SERVICING INC.,
BANK OF AMERICA N.A., and
JOHN DOES 1-100,

Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART OCTOBER 28, 2014 RECOMMENDATION OF MAGISTRATE JUDGE, AND GRANTING DEFENDANTS' MOTION TO DISMISS**

---

This matter is before the Court on the October 28, 2014 Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation") (ECF No. 39) that the Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion") (ECF No. 10), filed by Defendants U.S. Bank, N.A. and Selected Portfolio Servicing Inc., and joined by Defendant Bank of America N.A. (collectively "Defendants"), be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff Lisa Kay Brumfiel ("Plaintiff") filed a timely Objection to the Recommendation (ECF No. 43), and Defendants filed a Response to the Objection (ECF No. 51). For the reasons set forth below, the Objection is sustained in part and overruled in part, the Recommendation is adopted in part and rejected in part, and the Motion is granted.

## I. STANDARDS OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

Defendant's Motion is brought pursuant to Rule 12(b)(1)[1], which empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation. Accordingly, the Court adopts and incorporates the factual background detailed in the Recommendation as if set forth herein.

---

[1] Defendants also move for dismissal pursuant to Rule 12(b)(6). (*See* ECF No. 10.) However, as the Court ultimately adopts the Recommendation in finding that it should not assert jurisdiction under Rule 12(b)(1), the Court need not consider Defendants' arguments under Rule 12(b)(6), and thus discusses herein only Rule 12(b)(1).

Briefly, Plaintiff brings this action to quiet title and for slander of title in relation to Defendant U.S. Bank's attempt to foreclose on the property located at 1499 South Jasper Street, Aurora, Colorado 80017 (the "Property"). (*See* Compl. (ECF No. 1).) Plaintiff states that she has owned the Property since November 14, 2006. (*Id.* ¶ 2.) On October 12, 2012, Plaintiff filed an action in this Court ("*Brumfiel I*") challenging the constitutionality of the non-judicial foreclosure process of Colorado Rule of Civil Procedure 120, under which U.S. Bank was then attempting to foreclose on the Property. (*Id.* ¶¶ 2, 22.) U.S. Bank subsequently withdrew the non-judicial foreclosure, and on May 17, 2013, it filed a judicial foreclosure proceeding in state court regarding the Property (the "Foreclosure Proceeding"). (*Id.* ¶ 26.) On October 2, 2013, the Court dismissed *Brumfiel I* for lack of jurisdiction, based principally on the fact that the non-judicial foreclosure had been withdrawn. *Brumfiel v. U.S. Bank, N.A.*, 2013 WL 5495543, at *1 (D. Colo. Oct. 2, 2013). Plaintiff's motions for post-judgment relief were denied, and Plaintiff's appeal of *Brumfiel I* is currently pending.

Plaintiff filed the instant case on September 3, 2014. (*See* Compl.) Defendants' Motion was filed on September 12, 2014. (ECF No. 10.) Defendant Bank of America joined the Motion on October 2, 2014. (ECF No. 17.) On the same day, Plaintiff filed a Response to the Motion (ECF No. 18), and Defendant subsequently filed a Reply (ECF No. 20). The Recommendation was issued on October 28, 2014. (ECF No. 39.)

## III. ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions: (1) the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from exercising jurisdiction over this action due to

the ongoing Foreclosure Proceeding; and (2) even if *Younger* does not apply, the Court should decline to exercise jurisdiction pursuant to the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (ECF No. 39 at 5-11.) As a result, the Magistrate Judge recommends granting Defendant's Motion and dismissing this case for lack of jurisdiction. (*Id.* at 11.)

In Plaintiff's Objection, she challenges the Magistrate Judge's findings that the *Younger* abstention doctrine and the *Colorado River* doctrine apply to this case.[2] (ECF No. 43.) The Court will consider each doctrine in turn.

**A. *Younger* Abstention**

The Recommendation found that three factors requiring mandatory abstention were satisfied here: (1) the Foreclosure Proceeding is an ongoing state civil proceeding; (2) the state court provides an adequate forum to hear the claims Plaintiff raises; and (3) the Foreclosure Proceeding involves "matters of state concern". (ECF No. 39 at 6-7.) Plaintiff raises arguments in her Objection as to each of these three factors: (1) the Foreclosure Proceeding has reached final judgment and is no longer ongoing, despite the pending appeal; (2) Plaintiff's claims were never adjudicated in the state trial court, and the state appellate court is an inadequate forum; and (3) the U.S. Supreme Court's decision in *Sprint Communications, Inc. v. Jacobs*, __ U.S. __, 134 S.Ct. 584 (2013), altered the third factor analysis. (ECF No. 43 at 1-5.) Plaintiff further argues that her

---

[2] Plaintiff further argues that the unlawful detainer action filed against her in state court should be removed and consolidated with the instant case. (ECF No. 43.) As to this argument, the Court notes that it does not constitute an objection to any part of the Magistrate Judge's Recommendation. Furthermore, the Court has already rejected Plaintiff's attempts to remove and consolidate the state court unlawful detainer action, and declines to reconsider such order now. (*See* ECF No. 52.) Therefore, Plaintiff's Objection is overruled in this respect.

claim of bad faith on the part of the state court constitutes extraordinary circumstances that trump the Court's requirement to abstain under *Younger*. (*Id.* at 7-8.)

The Magistrate Judge's analysis relied on *Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160 (10th Cir. 1999), which held that the three factors of a *Younger* abstention analysis are as follows:

> (1) [T]here is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Id.* at 1163 (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). However, in *Sprint*, the Supreme Court reversed a decision by the Eighth Circuit Court of Appeals that applied *Younger* abstention using substantially the same analysis as in *Amanatullah*, holding that the use of the "important state interests" factor improperly broadened the scope of the abstention doctrine. *Sprint*, 134 S.Ct. at 593. Instead, the *Sprint* Court clarified that "*Younger* extends to the three 'exceptional circumstances' identified in [*New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)], but no further." *Id.* at 594. These three circumstances include (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 591. Thus, *Sprint* significantly cabined the breadth of *Younger* abstention as it has been applied in this Circuit.

Defendants argue that Plaintiff's invocation of *Sprint* in her Objection is untimely, and that she waived her right to assert such argument by failing to raise it in the briefing

on the Motion to Dismiss. (ECF No. 51 at 6-7.) However, the Court may not disregard binding Supreme Court precedent. As *Sprint* clarifies, a court evaluating whether *Younger* requires abstention must determine not whether a proceeding involves any important state interest, but whether it falls under one of the three specifically enumerated categories. Here, neither of the first two categories applies to the Foreclosure Proceeding, and although it is not clear whether it involves "certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," *Sprint*, 134 S.Ct. at 592, neither party has provided any support for such a finding. Accordingly, the Court finds that, following *Sprint*, *Younger* abstention does not apply to this case. Therefore, the Recommendation is rejected and the Objection is sustained as to the application of the *Younger* abstention doctrine.

However, the Magistrate Judge also recommended applying the *Colorado River* doctrine as an alternative basis for declining to exercise jurisdiction. Accordingly, the Court proceeds to that analysis.

**B. *Colorado River***

The *Colorado River* doctrine governs whether a district court should stay or dismiss a federal suit pending the resolution of a parallel state court proceeding. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). The Magistrate Judge recommends declining to exercise jurisdiction in the instant case pursuant to *Colorado River*, finding that the instant action and the Foreclosure Proceeding are parallel, and that all of the requisite factors[3] weigh in favor

---

[3] The Supreme Court has identified several non-exclusive factors to consider in evaluating whether to decline jurisdiction, including: (1) whether the state or federal court has assumed jurisdiction over property in dispute; (2) the inconvenience to the parties of the federal

of abstention. (ECF No. 39 at 7-11.) Construing Plaintiff's Objection liberally, she raises three arguments against the application of *Colorado River* here: (1) the Foreclosure Proceeding is not parallel to the instant case because it has proceeded to judgment and is pending appeal; (2) the Foreclosure Proceeding is not an adequate forum to raise Plaintiff's claims, because they were not actually adjudicated in the state trial court, and the state appellate court cannot hear them; and (3) the unlawful detainer action is not an adequate forum to raise Plaintiff's claims. (ECF No. 43.)

As a preliminary matter, the Court notes that the appropriate circumstances for deferral under the *Colorado River* doctrine are "considerably more limited than the circumstances appropriate for abstention" and must be "exceptional." *See Colorado River*, 424 U.S. at 817-18. Accordingly, the Court's "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).

The first step under the *Colorado River* analysis is to determine "whether the state and federal proceedings are parallel." *Allen v. Bd. of Educ., Unified Sch. Dist.*,

---

forum; (3) avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) the vexatious nature of the litigation; (6) whether federal law provides the rule of decision; and (7) and the adequacy of the state court proceeding to protect the federal plaintiff's rights. *See Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18-28 (1983). These factors are not a "mechanical checklist"; rather, the Court should "careful[ly] balanc[e] . . . the most important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).

436, 68 F.3d 401, 403 (10th Cir. 1995). Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.* A court must examine "the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Id.* If the cases are not parallel, the federal court must exercise jurisdiction. *Id.* at 403.

Here, the Magistrate Judge found that the Foreclosure Proceeding and the instant case were parallel because each involved the same parties' competing interests in the Property. (ECF No. 39 at 9.) Plaintiff contends that the cases are not parallel because the Foreclosure Proceeding has already reached a final judgment. However, Plaintiff presents no support for the implication that parallel cases under *Colorado River* must be at the same stage of the litigation. Plaintiff's counterclaims in the Foreclosure Proceeding raised the same arguments challenging U.S. Bank's standing to foreclose as her claims in the instant case. Therefore, the Court finds that the cases are parallel.

Plaintiff's next argument challenges the application of one of the factors to be considered in applying *Colorado River*, namely, whether the Foreclosure Proceeding is an adequate forum for her claims. Plaintiff contends that, because the state court granted summary judgment to Defendants on her counterclaims, "[t]he issues of fraud, forgery, conspiracy and counterfeiting[] were not litigated or adjudicated in the State Court." (ECF No. 43 at 3, 6-7.) However, Plaintiff overlooks the fact that summary judgment is an adjudication, despite the absence of a trial. Plaintiff appears to believe that a forum in which she does not prevail is inadequate to hear her claims. However, a forum's adequacy does not turn on which party prevails, but rather on whether the

parties may raise their arguments and have them heard. The Court's analysis on this factor examines whether "'federal law provides the rule of decision on the merits,' and whether the state-court proceedings adequately protect the litigants' rights." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1235 (10th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 23, 26-27). Plaintiff raises no claims under federal law in the instant case, and all of her claims may be brought in state court. Accordingly, the Court finds that the Foreclosure Proceeding is an adequate forum to hear Plaintiff's claims. Because the Foreclosure Proceeding is adequate, the Court need not also find the unlawful detainer proceeding to be a parallel or adequate state forum, and thus need not consider Plaintiff's third argument against the application of *Colorado River*. Therefore, Plaintiff's Objections as to the application of the *Colorado River* doctrine are overruled.

Neither party objects to the remainder of the Magistrate Judge's analysis of the *Colorado River* factors, and the Court agrees with the Recommendation that all factors weigh in favor of declining to exercise jurisdiction. In particular, the Court notes that the avoidance of piecemeal litigation—arguably the most essential element of the *Colorado River* doctrine, as it is directly connected to the goal to preserve judicial economy—weighs heavily against the exercise of jurisdiction here. "It is well-established that 'federal courts have the power to refrain from hearing,' among other things, 'cases which are duplicative of a pending state proceeding.' This latter principle—the avoidance of duplicative litigation—is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe*, 705 F.3d at 1233 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996)).

The Court is well-advised to be cautious in exercising its discretion, and to limit abstention under *Colorado River* to the rare exceptional case; yet such "circumstances, though exceptional, do nevertheless exist." *Colorado River*, 424 U.S. at 818. The Court finds that the factors pertinent to this case weigh strongly in favor of abstention under *Colorado River*, and that the state court is an adequate forum to resolve the parties' disputes. Therefore, the Court concludes that this case is such an exceptional circumstance as to warrant abstention.

Having determined that abstention under *Colorado River* is appropriate, the Court must choose whether to stay the case pending the resolution of the state proceedings, or alternatively whether to dismiss. Where it is possible that "the state court proceedings [may] not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Fox*, 16 F.3d at 1083. In this case, because Plaintiff asserted no federal claims, the availability of the federal forum need not be preserved.

Accordingly, the Court adopts the Recommendation as to the *Colorado River* analysis, grants Defendants' Motion and dismisses Plaintiff's claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The October 28, 2014 Recommendation of the U.S. Magistrate Judge (ECF No. 39) is ADOPTED IN PART as to the *Colorado River* doctrine and REJECTED IN PART as to the *Younger* abstention doctrine;
2. Plaintiff's Objections to the Recommendation (ECF No. 43) are OVERRULED IN PART as to the *Colorado River* doctrine and SUSTAINED IN PART as to the

*Younger* abstention doctrine;

3. Defendants' Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 10) is GRANTED; and

4. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Clerk shall enter judgment against Plaintiff and in favor of Defendants, and Defendants shall have their costs.

Dated this 11th day of December, 2014.

BY THE COURT:

William J. Martínez
United States District Judge