IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02453-WJM-MEH

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK, N.A. trustee, for Merrill Lynch/ First Franklin Mortgage Loan Trust,
Mortgage Loan Asset Backed Certificates, Series 2007 FF1,
SELECTED PORTFOLIO SERVICING INC.,
BANK OF AMERICA, N.A., and
JOHN DOES 1-100,

    Defendants.

---

**ORDER DENYING MOTION FOR ORDER DECLARING
LISA KAY BRUMFIEL A VEXATIOUS LITIGANT**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion for Order Declaring Lisa Kay Brumfiel a Vexatious Litigant and Imposing *Pro Se* Filing Limitations [December 12, 2014; docket #58] filed by Defendant U.S. Bank, N.A., as Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 (the "Trust") and Defendant Select Portfolio Servicing, Inc. The motion is fully briefed (including supplemental submissions at the request of the Court), and the Court heard oral argument on January 15, 2015. (Docket #63.) Based upon the record herein and for the reasons that follow, the Court **denies** the Motion.

On September 3, 2014, Plaintiff, Lisa Kay Brumfiel, brought this action to quiet title on the real property located at 1499 S. Jasper Street in Aurora, Colorado ("the property"). (Docket #1.) This is not the first time the property has been the subject of litigation. In October 2011, U.S. Bank commenced a non-judicial foreclosure action against the property pursuant to Colorado Rule of Civil

Procedure 120 because Plaintiff had failed to pay the amounts due on her mortgage loan. *Brumfiel v. U.S. Bank*, 12-cv-02716-WJM, 2013 WL 5495543 *1 (D.Colo. Oct. 2, 2013). On October 12, 2012, Plaintiff initiated a federal action challenging the Rule 120 foreclosure process. *Id*. In May 2013, U.S. Bank withdrew the Rule 120 proceeding and commenced judicial foreclosure under Colorado Rule of Civil Procedure 105. *Id*. at *2. On October 2, 2013, the District Court subsequently dismissed Plaintiff's federal action without prejudice due to lack of jurisdiction. *Id*. Plaintiff has appealed the final judgment in that case to the Tenth Circuit.

On February 28, 2014, the Arapahoe County District Court awarded the Trust with a decree of foreclosure and entered an order of foreclosure sale on the property. (Docket #10-4.) Plaintiff's appeal of the foreclosure judgment is pending before the Colorado Court of Appeals. The foreclosure sale occurred in September 2014 and, when Brumfiel did not vacate the property, the Trust filed an unlawful detainer action in Arapahoe County Court on October 8, 2014. (Docket #24-4.) Plaintiff has vacated the property.

In the present case Plaintiff sought to quiet title in her favor based on allegations of fraud committed by the Trust; that is, she sought an order declaring that she is the only party with an interest in the property. On December 12, 2014, District Judge William Martinez dismissed the case without prejudice, on the undersigned's recommendation, on grounds that the Court lacks jurisdiction pursuant to the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (explaining that, based upon principles resting on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a federal court may dismiss an action proceeding concurrently with a state court action.). The time for appeal of this final judgment has passed with no appeal filed.

In their Motion, the Defendants submitted an excellent and thorough recounting of Ms. Brumfiel's litigation history regarding her ownership interest in her personal residence which will not be repeated here (I encourage Ms. Brumfiel to read this again, carefully, focusing particularly on the various holdings and statements of the Court regarding the merits of her arguments). I do not disagree with their position that any additional litigation concerning the subject property will be frivolous, particularly in light of the currently pending appeal in the Colorado Court of Appeals, a forum in which Plaintiff may assert whatever arguments are available to her concerning the legitimacy of Defendants' interest in the subject property and their conduct during the transactions and occurrences underlying the loan Ms. Brumfiel obtained for the purchase of her residence. I would also anticipate that if -- as Ms. Brumfiel indicated at the January 15, 2015 hearing -- she files another federal lawsuit based on the same subject matter, she will face severe monetary and other sanctions from the Court.

I will note several matters mitigating against the particular relief requested by the Defendants. First, there are remedies short of declaring Ms. Brumfiel a vexatious litigant, which Defendants have not sought, for a reason only they know, that would discourage any further filings by Ms. Brumfiel, in particular the Court's awarding the Defendants' their costs in this litigation, an effective tool in reapportioning at least some of the financial inconvenience that Ms. Brumfiel caused in the current case. Defendants chose not to submit a bill of costs. Second, my review of the cases in the Tenth Circuit in which the requested sanction of "vexatious litigant" has been imposed by the District Court and upheld by the Tenth Circuit, or in which the Tenth Circuit has directly imposed such a sanction, demonstrates that those cases involved (1) more actual cases (in some instances, many more) than Ms. Brumfiel has pursued here; (2) actual sanctions having been imposed already (and unsuccessfully) as an intermediate measure to halt the vexatious litigation, a

step that has not occurred here; and/or (3) at least one actual court finding that an action was frivolous (again, which has not occurred here) as a predicate. Thus, I do not believe the requested relief is, *at this time*, warranted.

However, as the Tenth Circuit stated in a recent case:

> Based on [Plaintiff's] manifestly abusive pattern of filing frivolous appeals in this court, we caution him future frivolous appeals on this or any other matter may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both appellate filing restrictions and sanctions. In addition, because this is Mr. Jackson's fourth attempt at filing a civil rights action containing the same or similar deficiencies against the same defendants, we may consider any future attempted action against them a form of harassment and advise him this court, as well as the district court, have the power, under 28 U.S.C. § 1651(a), to enjoin him from pursuing any such action. *See Tripati,* 878 F.2d at 352–53.

*Jackson v. Enforcer of Constitutional* Policy, 412 F. App'x 181, 184, 2011 WL 489789, *2 (10th Cir. Jan. 12, 2011). The District Court has the same inherent authority as that stated in *Jackson*. Ms. Brumfiel must consider herself sufficiently warned of the potential consequence of any future lawsuit concerning this same subject matter, *i.e.*, the mortgage on, or subsequent loss of, her former residence at 1499 S. Jasper Street in Aurora, Colorado .

Accordingly, based upon the foregoing and the entire record herein, this Court **denies** Defendants' Motion for Order Declaring Lisa Kay Brumfiel a Vexatious Litigant and Imposing *Pro Se* Filing Limitations [December 12, 2014; docket #58].

Entered and dated at Denver, Colorado, this 28th day of January, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge